UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ODILON PINHEIRO DE ALMEIDA JUNIOR
_____/
Plaintiff,

Civil Action No. _____

v.

KIKA SCOTT, in her official capacity as Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services;
KRISTI NOEM, in her official capacity as Director of the United States Department of Homeland Security;
ROBERT FENWICK, in his official capacity as Director of the United States Citizenship and Immigration Services Miami Field Office;
KASHYAP PATEL, in his official capacity as Director of the Federal Bureau of Investigation
CONNIE NOLAN, in her official capacity as Associate Director of the United States Citizenship and Immigration Services Service Center Operations Directorate;
SARAH KENDALL, in her official capacity as Associate Director of the United States Citizenship and Immigration Services Field Operations Directorate;
And
JANE and JOHN DOES, #1-10, in their official capacities as immigration officers responsible for issuing decisions on immigration petitions and applications
_____/
Defendants.

## PETITION FOR WRIT OF MANDAMUS AND
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PREFETORY STATEMENT

Plaintiff-Petitioner ("Plaintiff"), respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief against the United States Department of Homeland Security, the United States Citizenship and Immigration Services and others ("Defendants") challenging agency delays and seeking declaratory, injunctive, and mandamus relief directing Defendants to adjudicate Plaintiff-Petitioner Odilon Pinheiro de Almeida Junior (hereinafter referred to as "Plaintiff ") Form N-400, Application for Naturalization ("Plaintiff 's N-400 Application") without further delays.

This is a petition for a writ of mandamus to compel the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate Petitioner's long-pending Application for Naturalization (Form N-400), Receipt No. IOE9160856358, which was filed on July 14, 2023, and has now been pending for over twenty-two (22) months without decision. Despite inquiries and the passage of time far exceeding USCIS's standard processing timeframe, the application remains unadjudicated.

In an effort to correct a clerical or factual error made in the original N-400, Petitioner filed a second N-400 application on October 10, 2024. That second filing was not intended to replace, supersede, or withdraw the original application, but rather to address the identified error. After further consultation, Petitioner formally withdrew the second application and submitted a written request to USCIS to correct the original July 2023 application (Receipt No. IOE9160856358) directly.

This petition seeks relief solely with respect to the July 2023 application. The now-withdrawn October 2024 application has no legal effect and does not moot or alter the original application's continued pendency or Petitioner's right to timely adjudication.

In support thereof, Plaintiff alleges as follows:

1. Plaintiff is a citizen of Brazil and an applicant for Naturalization.
2. Plaintiff is a United States Lawful Permanent Resident currently residing in Miami, FL.
3. Plaintiff posesses a Permanent Resident card under category E18 issued on August 10 of 2015.
4. In about July 14, 2023, Plaintiff filed one Form N-400, Application for Naturalization. Plaintiff paid $725.00 in filing fees in connection with their N-400 Application. The USCIS received Plaintiffs' Form N-400 on or about July 14, 2023, bearing receipt number IOE9160856358.
5. Plaintiff was scheduled for an interview for November 17 of 2023 which was canceled due to "unforeseen circumstances".
6. To date, Plaintiff's N-400 Application has remained unadjudicated for over 706 days since filing, as the Defendants have improperly withheld action to adjudicate it for an unreasonable amount of time.
7. As a result of Defendants' dereliction of their nondiscretionary duties, Plaintiff is filing this a mandamus action to compel Defendants and those acting under them to take all appropriate action to adjudicate Plaintiff's N-400.
8. A court may grant mandamus relief if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff. *Assad v. Holder*, Civ. No. 2:13–00117, 2013 WL 5935631, at *1 & *4 (D.N.J. Nov. 1, 2013). Here, Plaintiff clearly meets all three of these criteria. Plaintiff has fully complied

with all of the statutory and regulatory requirements in the Process of Naturalization and has provided all fees and information requested by the USCIS. Accordingly, given the unreasonable waiting period that has ensued, they have a clear right to receive an adjudicated decision.

9. Based on the foregoing, Plaintiff is also entitled to relief under the APA, which authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Defendants' failure to issue a decision on Plaintiff's N-400 Application constitutes agency action unlawfully withheld or unreasonably delayed, entitling Plaintiff to relief.

10. Accordingly, Plaintiff is entitled to a writ of mandamus and/or order (1) declaring that Defendants' continued failure to issue a decision on Plaintiffs' N-400 Application violates the INA, agency regulations, and agency policy; (2) declaring that Defendants have a clear duty to act; and (3) directing Defendants to issue a decision on Plaintiffs' N-400 Application forthwith.

## THE PARTIES

11. Plaintiff is a citizen of Brazil and an applicant for Naturalization.
12. Plaintiff is a United States Lawful Permanent Resident currently residing in Miami, FL.
13. Plaintiff posesses a valid and unexpired Permanent Resident card under category E18 issued on August 10 of 2015.
14. Defendant Kristi Noem is the Director of United States Department of Homeland Security ("DHS"). She is sued in his official capacity.

15. Defendant Kika Scott is the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services. She is sued in her official capacity.

16. Defendant Kashyap Patel is the Director of the Federal Bureau of Investigation. He is sued in his official capacity.

17. Defendant Robert Fenwick is the Director of the USCIS Miami Field Office. He is sued in his official capacity.

18. Defendant Connie Nolan is the Associate Director of the USCIS Service Center Operations Directorate. She is sued in her official capacity.

19. Defendant Sarah Kendall is the Associate Director of the USCIS Field Operations Directorate. She is sued in her official capacity.

20. Defendants JANE and JOHN DOES, #1-10, are the immigration officers responsible for issuing decisions on immigration petitions and applications. Generally, their identities are not publicly disclosed by the USCIS. They are sued in their official capacities.

## JURISDICTION AND VENUE

21. This case arises under the United States Constitution, and the INA, 8 U.S.C. § 1101 et seq. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, 2201–2202, 5 U.S.C. §§ 555(b), 701 et. Seq., 701(a)(2), 706(1)

22. There exists an actual and justiciable controversy between Plaintiff and Defendants requiring resolution by this Court. Plaintiff has no adequate remedy at law.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. No exhaustion requirements apply to Plaintiff's complaint for a Writ of Mandamus. Plaintiff is owed a duty – the adjudication of Plaintiff's properly filed application for naturalization,

which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the said application for over 1 year. The Plaintiff has no other adequate remedy available for the harm he seeks to redress – the failure of USCIS to process Plaintiff's application for naturalization in a timely manner.

## STATUTORY AND REGULATORY BACKGROUND

25. Under the INA, a non-citizen may seek naturalization by submitting an Application for Naturalization. According to Section 317 of the INA, 8 USC 1427, "No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well-disposed to the good order and happiness of the United States." As such, the above-mentioned permanent residents may file an application for naturalization (namely, Form N-400, Application for Naturalization), if they meet all 3 of the above criteria.

26. This immigration process is initiated when an individual who meets all 3 criteria under Section 317 of the INA, 8 USC 1427 files Form N-400 Application for Naturalization.

27. In the event that a final decision is not rendered within reasonable time, an action under the Mandamus Act, 28 U.S.C. §1361, can be used to compel administrative agencies to act. Mandamus is available if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff. *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020), citing *Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010). Plaintiff clearly meets all three of these criteria.

28. In determining whether a plaintiff has a clear right to relief under a mandamus action, courts look to whether "the plaintiff falls within the 'zone of interest' of the underlying statute." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (discussing zone of interest test in considering a mandamus claim); see also *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150, 153-54 (1970). The "zone of interest" test requires that "the interests sought to be protected by the complainant . . . arguably [be] within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Giddings*, 979 F.2d at 1108 (alteration in original) (quoting *Ass'n of Data Processing Serv. Orgs.*, 397 U.S. at 153). The "zone of interest" test is a two-part inquiry test, where courts must first "determine what interests, the statute arguably was intended to protect," and second "whether the 'plaintiff's interests affected by the agency action in question are among them.'" *Bangura v. Hansen*, 434 F.3d 487, 499 (6th Cir. 2006) (quoting *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 492 (1998)). Courts have found that the INA establishes a clear right to relief in the context of delayed naturalization applications where the interview has not yet been conducted. See, e.g., Hadad v. Scharfen, No. 08-22608, 2009 U.S. Dist. LEXIS 26147, at *6–7 (S.D. Fla. Mar. 12, 2009) (finding that 8 U.S.C. § 1446(d) establishes "a right to have [an] application for naturalization processed and a decision

rendered"); *Olayan v. Holder*, No. 1:08-cv-715-RLY-DML, 2009 U.S. Dist. LEXIS 12825, at *11–12 (S.D. Ind. Feb. 17, 2009) (holding that 8 U.S.C. §§ 1445(c) and 1446(b) and (d) establishes an individual's clear "right to have his naturalization application adjudicated").

29. Courts have recognized that where a noncitizen has a right to apply for a benefit, there is an accompanying, nondiscretionary duty for USCIS to adjudicate that application. *See, e.g.*, *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 595 (W.D. Tex. 2019) ("While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not."); *Ayyub v. Blakeway*, No. SA-10-CV- 149-XR, 2010 U.S. Dist. LEXIS 82739, at *14–15 (W.D. Tex. Aug. 13, 2010) (same with respect to naturalization application); *Elmalky v. Upchurch*, 3:06-CV-2359-B, 2007 U.S. Dist. LEXIS 22353, at *8–9 (N.D. Tex. Mar. 28, 2007) (same and citing case, adjustment of status application); *Goldschmidt v. U.S. Att'y Gen.*, 3-07-CV-670-AH, 2007 U.S. Dist. LEXIS 77472, at *5 (N.D. Tex. Oct. 18, 2007 (same); *Fu v. Reno*, No. 99-0981-L, 2000 U.S. Dist. LEXIS 16110, *14 (N.D. Tex. Nov. 01, 2000) (same); *Hu v. Reno*, 2000 U.S. Dist. LEXIS 5030, at *9- 10 (N.D. Tex. April 18, 2000) (same).

30. In a Mandamus suit alleging unreasonable agency delay, "the statutory duty involved [in such cases] … does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"). See *Liu v. Novak,* 509 F. Supp. 2d 1, 17 (D.D.C. 2007) (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)). See also *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 743 (E.D. Va. 2008) ("[a]ccordingly, the Court concludes that CIS has a legal obligation to adjudicate Aslam's petition within a reasonable period of time").

31. Further, no other remedy must be available to the mandamus plaintiff. See *Wolcott v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380-381 (2004). A remedy is deemed adequate if it is "'capable of affording full relief as to the very subject matter in question.'" *Wolcott*, 635 F.3d at 768 (citation omitted). Pursuant to this requirement, courts have denied mandamus relief where the plaintiff did not exhaust available administrative remedies. *See, e.g., Mejia-Gomez v. DHS/ICE*, No. 05-5000 (JBS), 2006 U.S. Dist. LEXIS 94801, at *4 n.3 (D.N.J. Mar. 31, 2006) ("Generally speaking, when an administrative remedy is available it must first be exhausted before judicial relief can be obtained, by writ of mandamus or otherwise." (citation omitted)); *Henriquez v. Ashcroft*, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003) (same).

32. Additionally, the APA also allows prospective litigants to challenge an agency's unreasonable delay. 5 U.S.C. § 555(b) requires agencies to conclude matters presented to them "within a reasonable time." Further, 5 U.S.C. §§ 706(1) and (2)(a) authorize a federal court to "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

33. A prospective APA claim requires a showing that the requisite agency failed to take a discrete agency action that it is required to take. Courts have found that this requirement is identical to the "clear right to a mandatory duty" requirement of a mandamus claim. See *Indep. Mining Co., Inc. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (explaining that a claim seeking mandamus under the Mandamus Act is essentially the same as one for relief under § 706 of the APA); *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008) (same).

## FACTS AND PROCEDURAL HISTORY

34. Plaintiff is a citizen of Brazil and an applicant for Naturalization.

35. Plaintiff is a United States Lawful Permanent Resident currently residing in Miami, FL.

36. Plaintiff posesses a Permanent Resident card under category E18 issued on August 10 of 2015.

37. In about June 14 of 2023, Plaintiff filed one Form N-400, Application for Naturalization. Plaintiff paid $725.00 in filing fees in connection with their N-400 Application. The USCIS received Plaintiffs' Form N-400 on or about June 14, 2023, bearing receipt number IOE9160856358.

38. Plaintiff was scheduled for an interview for November 17 of 2023 which was canceled due to "unforeseen circumstances".

39. To date, Plaintiff's N-400 Application has remained unadjudicated for over 706 days since filing, as the Defendants have improperly withheld action to adjudicate it for an unreasonable amount of time.

## CAUSE OF ACTION

40. Plaintiff is entitled to a decision on his naturalization application and has presented all evidence to establish his eligibility for citizenship. As such, the Defendants have sufficient information to determine the Plaintiff's eligibility for naturalization pursuant to applicable requirements. Notwithstanding, Defendants have unreasonably delayed and refused to adjudicate Plaintiff's N-400 Application for over one year since filing, thereby depriving him of his right to a decision on his status and the stability and peace of mind to which he is entitled.

41. Plaintiff contends that Defendants' failure to render a decision on Plaintiff's adjustment application is unreasonable and unlawful. As a result of Defendants' dereliction of duty, the current action has been necessitated.

**FIRST CLAIM FOR RELIEF**
**28 U.S.C. § 1361**
**Writ of Mandamus to compel officers and agencies of the United States**
**to perform a duty owed to Plaintiff**

42. The above paragraphs are incorporated herein by reference.

43. Defendants are imposed a non-discretionary duty to adjudicate immigration applications. *See*, e.g., *Northern States Power Co. v. U.S. Dept. of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). Accordingly, Plaintiff has a clear right to the issuance of a decision on his N-400 Application for Naturalization as he has fully complied with all necessary and regulatory requirements thus far.

44. Defendants have failed to issue a decision on Plaintiff's N-400 Application. This failure has caused and continue to cause Plaintiff serious harm.

45. Plaintiff has brought this action because Plaintiff has no other means to compel Defendants to perform the duties Defendants owe to them. Plaintiff has exhausted all available remedies. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); see also *Power*, 292 F.3d at 784 (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist).

46. Based on the foregoing, Plaintiff is entitled to a writ of mandamus directing Defendants to issue a decision on Plaintiff's N-400 Application.

## SECOND CLAIM FOR RELIEF
### Administrative Procedure Act, 5 U.S.C. § 706(1)
### Agency Action Unreasonably Delayed or Unlawfully Withheld

47. The above paragraphs are incorporated herein by reference.

48. Defendants are imposed a non-discretionary duty to adjudicate immigration applications. The APA further requires agencies to "proceed to conclude a matter presented" to the agency "within a reasonable time." 5 U.S.C. § 555(b).

49. Here, Defendants have failed to issue a decision on Plaintiff's N-400 Application, and this failure constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1). *See*, e.g., *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987) (holding that "regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Liu v. Novak*, 509 F. Supp. 2d 1, 18 (D.D.C. 2007) (holding that "he Court does have jurisdiction over plaintiff's APA claim that defendants have unreasonably delayed adjudicating his application").

50. Defendants' failure to act within reasonable time has caused and continues to cause Plaintiff harm.

51. Based on the foregoing, Plaintiff is entitled to an order directing Defendants to issue a decision on Plaintiff's N-400 Application forthwith in accordance with the APA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's N-400 Application without further delay;

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 20 day of June, 2025.

**LOIGICA ATTORNEYS P.A.**

By: /s/ Harry Tapias
Lead Counsel Harry Tapias, Esq.
Florida Bar Number: 98138
Loigica, P.A.
40 SW 13th ST, Suite 102
Miami, FL 33130